UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA WESTON SAUNDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | Civil Action No. 02-01803 (CKK) |

**MEMORANDUM ORDER**
(January 6, 2012)

Before the Court is the parties' [93] Joint Motion to Extend the Discovery Deadlines ("Motion to Extend"), filed on January 5, 2012. Through their Motion to Extend, the parties seek a two-month extension of time to complete discovery in this case, from the current Court-ordered deadline of January 13, 2012 to and including March 13, 2012. Upon careful consideration of the parties' submission, and the record of this action as a whole, the parties' [93] Motion to Extend shall be GRANTED-IN-PART and DENIED-IN-PART, as set forth below.

**I. BACKGROUND**

The Scheduling Conference in this action was held on July 12, 2011, more than twenty-five weeks ago. The Court entered the governing Scheduling and Procedures Order that same day. *See* Scheduling and Procedures Order ("Scheduling Order"), ECF No. [90]. The Scheduling Order was "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *Olgay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 220 (D.D.C. 1996) (quotation marks and citation omitted).

The Court entered the Scheduling Order only after hearing from the parties, and the Court endeavored to give the parties the schedule that they desired. *See* Scheduling Order at 6. Nonetheless, the Court emphasized that the dates it set were "firm" and warned the parties that they were expected to "adhere to [the] schedule." *Id.* Most important for purposes of evaluating the parties' Motion to Extend, the Scheduling Order included the following deadlines:

- Expert disclosures were to be served by no later than October 11, 2011, with opposing disclosures due by no later than December 9, 2011; and

- All discovery was required to be completed, and all discovery-related motions were to be filed, by no later than January 13, 2012.

*See id.* at 5-6.

In addition to these aforementioned deadlines, which were ordered by the Court, the parties were instructed to submit for the Court's consideration a Joint Discovery Plan identifying "precise dates for any and all depositions and exchange of written discovery, documents and other materials." *Id.* at 5. Consistent with this Court's practice, the parties were advised at the Scheduling Conference that the Court would not adopt or "so order" the Joint Discovery Plan; rather, the exercise was intended to force the parties to plan out the course of discovery at the very outset and to ensure that discovery would be completed in a reasonably diligent manner and within the overall confines ordered by the Court—most notably, the January 13, 2012 deadline for the completion of all discovery.

The parties conferred and submitted a Joint Discovery Plan to the Court on August 3, 2011. *See* Joint Discovery Plan, ECF No. [91]. In their agreed-upon plan, the parties would serve the bulk of their written discovery requests, with the possible exception of requests for

admission, by no later than August 24, 2011, nineteen weeks ago. *See id.* at 1. Assuming the parties responded to those requests within the timeframes set forth in the Federal Rules of Civil Procedure, responses to written discovery requests would be served by no later than September 23, 2011, fifteen weeks ago. *See, e.g.*, FED. R. CIV. P. 33(b)(2), 34(b)(2). Finally, the parties agreed that depositions for fact witnesses would be conducted by December 7, 2011, four weeks ago. *See* Joint Discovery Plan at 2.

On August 3, 2011, upon reviewing the Joint Discovery Plan (in particular, the parties' apparent disagreement over the deadline to serve requests for admission), the Court reminded the parties that it had not ordered any specific dates for the exchange of written discovery. *See* Min. Order (Aug. 3, 2011). Instead, the Court advised the parties only that discovery requests "must be served with sufficient promptness to allow the responding party adequate time to respond, to permit the parties to meet-and-confer to resolve any objections or issues, and to allow time to file any discovery-related motions on or before January 13, 2012," the deadline for the completion of all discovery. *Id.*

The Court did not hear a peep from the parties for the next five months, when they filed the pending Motion to Extend. The Court presumed that the parties were diligently discharging their discovery obligations in order to comply with the terms of the Court's Scheduling Order. Had they followed their Joint Discovery Plan, they would have.

## II. DISCUSSION

The [93] Motion to Extend reveals that the parties have failed to act with reasonable diligence in conducting discovery in this action. Although it has been nearly six months since the Court held the Scheduling Conference and entered its Scheduling Order, the parties have

made little progress.  According to the representations made in the Motion to Extend, it appears that all the parties have managed to do in this extensive period is exchange a first round of written discovery requests and responses.  *See* Mem. of P. & A. in Supp. of Joint Mot. to Extend ("Mem."), ECF No. [93-1], at 1 (indicating that the parties have exchanged discovery responses but are "working toward" supplementing their responses further).  By their own admission, the parties have not taken a single deposition or exchanged their expert disclosures.  *See id.* at 1-2.  This is paltry progress indeed.

It is evident that the parties have, by any reasonable measure, contravened both the letter and spirit of this Court's Scheduling Order, as well as their own agreed-upon Joint Discovery Plan.  As an initial matter, by this Court's express and unambiguous Scheduling Order, the parties were required to serve their expert disclosures more than twelve weeks ago and to serve their opposing expert disclosures four weeks ago.  They did neither.  *See id.* at 2 ("[T]he parties . . . seek additional time for the preparation of expert reports").  Since these Court-ordered deadlines have long since elapsed, the parties must establish both that there is "good cause" for the requested extension and that there was "excusable neglect" for the failure to act within the time specified.  *See* FED. R. CIV. P. 6(b).  While the parties briefly allude to the "good cause" standard in their Motion to Extend, a matter the Court addresses immediately below, they do not mention the "excusable neglect" standard at all, let alone establish that it has been satisfied in this case.

More to the point, in crafting the Scheduling Order, this Court honored the parties' request for an exceedingly generous discovery period.  From start to finish, the parties were allocated a six-month window, from July 12, 2011 to January 13, 2012, to complete any and all

necessary discovery in this relatively straightforward employment action. As this Court has previously observed:

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Indeed, disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, Civil Action No. 05-2115 (CKK), 2007 WL 1589495, at *5 (D.D.C. June 1, 2007) (quotation marks, citations, and notations omitted), *aff'd sub nom. Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217 (D.C. Cir. 2011). The Federal Rules of Civil Procedure make plain that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

The parties' Motion to Extend is short on substance and wholly unpersuasive. The sole explanation that the parties offer for their alleged inability to meet the Court's discovery deadline and to complete discovery in a six-month window is that the exchange of discovery was "time consuming" and "complicated" because "this matter involves the plaintiff's employment during 1999 and 2000." Mem. at 1. Of course, the parties knew, or should have known, that discovery in this action necessarily would have turned on materials and information related to Plaintiff's employment in 1999 and 2000 when they originally asked the Court for this generous schedule and when they later crafted their Joint Discovery Plan. Simply put, any reasonably diligent attorney would have anticipated that the passage of time might present some difficulties in discovery. The subsequent emergence of such "reasonably foreseeable" difficulties, to the extent they may even be characterized as such, does not satisfy the Court that there is "good cause" for a further two-month extension of the deadline to complete discovery. *DAG Enters., Inc. v. Exxon*

*Mobil Corp.*, 226 F.R.D. 95, 106 (D.D.C. 2005).

Under the "good cause" standard, parties bear the burden of showing that deadlines could not reasonably be met despite their reasonable diligence. *Capitol Sprinkler*, 630 F.3d at 226. In the final analysis, the parties in this case have now had an exceedingly generous period of twenty-five weeks, or nearly six months, to diligently pursue discovery. Their unilluminating representation that some aspects of this process might have been "time consuming" or "complicated" is woefully insufficient to establish that there is "good cause" to modify the Scheduling and Procedures Order to further extend the overall deadline to complete discovery an additional two months, from January 13, 2012 to and including March 13, 2012. The Court finds that the parties' cursory showing does "not bespeak diligence or any sense of urgency at all." *Id.* Therefore, in an exercise of its broad discretion, the Court shall not grant the requested two-month extension. Instead, the Court shall afford the parties a more limited additional seven days, until and including January 20, 2012, to complete all discovery in this action, including any expert discovery.[1]

Accordingly, it is, this 6th day of January, 2012, hereby

**ORDERED** that the parties' [93] Motion to Extend is GRANTED-IN-PART and DENIED-IN-PART. Specifically, the motion is GRANTED insofar as the parties seek an additional seven days to complete discovery; all discovery shall be completed, and all discovery-related motions filed, by no later than **January 20, 2012**. The motion is otherwise DENIED.

---

[1] The Court shall not specify dates for the exchange of expert disclosures and opposing expert disclosures. To the extent expert discovery is sought, the parties must meet and confer to craft an appropriate, agreed-upon schedule to complete *all* discovery by the January 20, 2012 deadline.

The parties are reminded that a Status Hearing shall be held on **January 20, 2012, at 9:30 a.m.**, before Judge Colleen Kollar-Kotelly in Courtroom 28A.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge
