UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA WESTON SAUNDERS,

   Plaintiff,

      v.

DISTRICT OF COLUMBIA, *et al.*,

   Defendants.

Civil Action No. 02-1803 (CKK)

MEMORANDUM OPINION
(September 17, 2013)

Plaintiff Teresa Saunders filed suit against the District of Columbia, Natwar Gandhi, and Earl Cabbell asserting a number of claims arising out of the Plaintiff's termination from employment with the District. On August 2, 2013, the Court granted summary judgment in favor of the Defendants on all remaining claims, namely retaliation in violation of the False Claims Act, racial discrimination in violation of 42 U.S.C. § 1981, and deprivation of liberty without due process in violation of 42 U.S.C. § 1983. The Plaintiff, who is now proceeding *pro se*, seeks reconsideration of the Court's order with respect to the Plaintiff's False Claims Act charge. The Defendants oppose the Plaintiff's motion for reconsideration. Upon consideration of the pleadings,[1] the relevant legal authorities, and the summary judgment record, the Court finds no reason to set aside the final judgment. Accordingly, the Plaintiff's [117] Motion for Reconsideration is DENIED.

The Plaintiff's motion seeks two separate forms of relief: (1) an extension of time in

---

[1] The Court's decision is based on the record as a whole, but the Court's analysis focuses on the following documents, in chronological order of filing: Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. [101]; Pl.'s Opp'n, ECF Nos. [105, 107]; Defs.' Reply, ECF No. [110]; Pl.'s Mot. for Reconsideration ("Pl.'s Mot."), ECF No. [117]; Defs.' Opp'n, ECF No. [120].

which to file a notice of appeal; and (2) reconsideration of the Court's memorandum opinion granting summary judgment. The Court shall address the Plaintiff's request for an extension of time in the Order accompanying this Memorandum Opinion. Because the Plaintiff's motion was filed more than 28 days after the entry of final judgment, the Court shall construe the Plaintiff's motion for reconsideration as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) dictates the grounds on which a party may move for relief from a final judgment. Subsections (b)(1)-(5) outline specific bases for relief, including mistake, excusable neglect, newly discovered evidence, and fraud. The only subsection that would appear to apply to the Plaintiff's motion is (b)(6), which permits a court to grant relief from a final judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Motions under this subsection should not be granted unless the movant can show "'extraordinary circumstances' justifying the reopening of a final judgment." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). In exercising its discretion under Rule 60(b), the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

The Court presumes familiarity with the memorandum opinion granting summary judgment in favor of the Defendants. *Saunders v. District of Columbia*, --- F. Supp. 2d ---, 2013 WL 3964123 (D.D.C. Aug. 2, 2013). In relevant part, the Court held that

> There is no evidence in the record that the individual who fired the Plaintiff (Dr. Gandhi) was aware of the Plaintiff's purported protected activities, all of which occurred over eight months before Dr. Gandhi was appointed as Chief Financial Officer. There is no evidence to suggest that Stanley Jackson was aware of the Plaintiff's purported activities, which occurred over eight months before Mr. Jackson was appointed Dr. Gandhi's chief of staff. The Plaintiff submitted a declaration from Mr. Jackson in support of her claims, but Mr. Jackson does not indicate that he had any knowledge of the Plaintiff's work on the Y2K project. Nor is there any evidence that the Plaintiff's supervisor (Mr. Cabbell) was aware of the Plaintiff's purported protected activities, the last of which occurred over nine months before the Plaintiff was assigned to the Special Projects Team. To the contrary, Mr. Cabbell denied knowing anything about the issues concerning financial statements from OCTO for the Y2K project, and the Plaintiff offers no evidence to rebut Mr. Cabbell's testimony.
>
> Moreover, there is no evidence in the record to suggest Dr. Gandhi or Mr. Cabbell had any contact with Mayor Williams or Ms. Peck regarding the Plaintiff prior to her termination. All [Saunders] really offers is evidence that [s]he made a protected disclosure and that at a later time [s]he suffered a termination. The fact that one event precedes another does not in itself evidence causation.

*Id.* at *6 (citations omitted).

The Plaintiff takes issue with several aspects of the Court's description of the factual background for the Plaintiff's claims. Many of the Plaintiff's arguments are either immaterial or inaccurate. Overall, the Plaintiff in essence proffers a new theory of the case; the Plaintiff's motion for reconsideration suggests that Mr. Cabbell terminated the Plaintiff because Mr. Cabbell was upset with the Plaintiff's criticisms of Mr. Cabbell in the reports that constituted the Plaintiff's (purported) protected activity. During dispositive motion practice, the Plaintiff theorized that she was fired because *Ms. Peck* was upset with the contents of the Plaintiff's reports, and Ms. Peck used her political connections to the Mayor to convince Mr. Gandhi to terminate the Plaintiff. The Plaintiff is not entitled to set aside the final judgment in this matter and proffer a new theory of causation simply because her initial theory did not succeed. *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) ("Rule 60(b)(6) should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be

improvident.") (citation omitted).

Even if the Court were to consider the Plaintiff's new *theory* of causation, the Defendants would still be entitled to summary judgment. The Plaintiff "disputes the fact that Defendant Cabbell had no knowledge of the financial management [of OCTO]" because Mr. Cabbell served as the interim Chief Financial Officer from June 1998 until June 1999. Pl.'s Mot. ¶ 4. Assuming *arguendo* that Mr. Cabbell had actual knowledge of the financial issues at OCTO in connection with the Y2K project, there is no evidence that Mr. Cabbell had any knowledge of the Plaintiff's protected activity, all of which occurred *after* Mr. Cabbell left the position of interim CFO. The Plaintiff claims that her reports were critical of Mr. Cabbell, but she offers no evidence to suggest Mr. Cabbell was aware of the reports, the last of which was submitted nine months before the Plaintiff's termination, much less was upset with their contents. No reasonable jury could conclude from the record that Mr. Cabbell terminated the Plaintiff because of her protected activity. The Plaintiff's unsupported factual and legal assertions---all of which the Plaintiff could have but chose not to raise in opposition to the Defendants' motion for summary judgment---do not constitute "extraordinary circumstances" necessary to warrant relief from a final judgment.

For the foregoing reasons, the Court finds the Plaintiff failed to establish the final judgment in this matter should be set aside. Rule 60(b)(6) requires the Plaintiff to show "extraordinary circumstances" to justify disturbing a final judgment. In light of the failed theory of causation set forth in opposition to the Defendants' motion for summary judgment, the Plaintiff's motion now seeks to proffer a new theory of causation. Moreover, there is no evidence in the record to support the Plaintiff's new theory. The Court finds no basis for disturbing the final judgment entered on August 2, 2013. Accordingly, the Plaintiff's [117]

Motion for Reconsideration is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

             /s/            
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE